IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. ADEE, | : | CIVIL NO. 1:CV-11-0035 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JEFFREY BEARD , et al., | : | |
|     Defendants | : | |

## MEMORANDUM

**I.     Background**

Plaintiff James W. Adee ("Adee") filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2011.  At the time, Adee was confined at the State Correctional Institution at Coal Township (SCI-Coal Township), Pennsylvania.[1]  Along with the complaint Adee also filed a motion seeking the appointment of counsel in this matter (Doc. No. 4), and a motion for the issuance of a temporary restraining order (Doc. No. 5).[2]  Named as Defendants in the complaint are various Pennsylvania Department of Corrections officials, as well as SCI-Coal Township officials and employees.  Adee claims that Defendants violated his right to adequate medical care under the Eighth Amendment with respect to an ankle injury he sustained on August 16, 2010, while confined at SCI-Coal Township, and his requests for treatment

---

[1] Adee notified the Court on February 11, 2011, that he has been released from prison and is now residing at 512 North High Street, Selingsgrove, Pennsylvania, 17870.  (Doc. No. 13.)

[2] Any request for injunctive relief by Adee is now moot since he has been released from prison.  It is well established that where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to or against a prison he is no longer housed in, there is no longer a live controversy and a court cannot grant that injunctive relief.  See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998).  As such, his motion seeking a temporary restraining order will be denied as moot.

thereafter. He also sets forth conspiracy and state law claims. Adee seeks compensatory, punitive and equitable relief. For the reasons that follow, the motion for counsel will be denied, without prejudice, and service of the complaint will be directed.

## II.    Discussion

In moving for the appointment of counsel Adee argues that: (1) he is not experienced in the law and is unable to compete with Defendants' counsel; (2) the appointment of counsel will expedite this matter; (3) an attorney is better equipped to prepare an amended complaint, if necessary; and (4) counsel is able to investigate his claims. (Doc. No. 4 at 1-2.)

The district court's authority to appoint counsel to represent an indigent litigant in a civil case derives from 28 U.S.C. § 1915(e)(1) which proves that the court may request an attorney to represent any person unable to afford counsel. Under this section the district court has broad discretionary power. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Adee's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. Adee is clearly able to litigate this action on his own as evidenced by the docket in this case. He has filed a very detailed complaint in this matter, as well as submitted motions that cite to relevant legal authority. This clearly implies that he has the ability to understand and present relevant legal authority. Further, to the extent that Adee argues in his motion that he is limited by his incarceration, he has since been released from prison and is now able to conduct any necessary investigation. For these reasons, it cannot be said, at least at this point, that Adee will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Adee's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion. In addition, service of the complaint will be

3

directed. An appropriate order is attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES W. ADEE,** | : | CIVIL NO. 1:CV-11-0035 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JEFFREY BEARD,** et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 16th day of May, 2011, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 2, 10) are construed as motions to proceed without full prepayment of fees and costs, and the motions are **granted**.[3]

2. Plaintiff's motion for counsel (Doc. No. 4) is **denied without prejudice**.

3. Plaintiff's motion for injunctive relief (Doc. No. 5) is **denied as moot.**

4. The Clerk of Court is directed to forward Plaintiff's complaint (Doc. No. 1), along with a copy of this order, to the United States Marshals Service for service upon the named defendants.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania

---

[3] Plaintiff completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on January 19, 2011 (Doc. No. 12), directing the warden at SCI-Coal Township to commence deducting the full filing fee from Plaintiff's prison trust fund account.